UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-474-CEH-UAM

JIMMIE C. GARDNER

### ORDER

This matter comes before the Court on the United States' and Defendant Jimmie Gardner's cross-motions in limine (Docs. 88, 92). Gardner is charged with one count of sex trafficking of a minor under 18 U.S.C. § 1591, based on the allegation that he solicited a 16-year-old minor victim ("MV") to engage in sexual conduct in exchange for money. The parties seek to admit or preclude the MV's statements about other prostitution activity. The prosecution argues that the evidence is irrelevant and is protected by F.R.E. 412, while Gardner argues it is permissible as "reverse 404(b)" evidence and its preclusion would violate his constitutional rights because it is central to his defense.

A sealed hearing was held on September 13, 2024, at which the Court made oral rulings on the motions. *See* Docs. 123, 126. This Order serves to memorialize the Court's oral pronouncements.

I. **BACKGROUND**

The allegations against Gardner center around an encounter between Gardner and the MV on November 17, 2023, when he picked her up in his car and took her to

his hotel room. Doc. 1 at 3 ¶ 5. Once in the hotel room, the Government alleges that Gardner asked the MV to engage in sex acts for $100.00. *Id.* ¶ 7. Although she initially agreed, she changed her mind after the sexual conduct began. *Id.* ¶¶ 8-10. An argument ensued about whether Gardner would drive her back to where he picked her up, and the Government alleges he pushed her onto the bed and placed his hands around her neck while telling her to be quiet. *Id.* ¶ 11.

Gardner was indicted of one count of Sex Trafficking of a Minor under 18 U.S.C. § 1591(a). The statute provides:

> (a) Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce…recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person…
>
> knowing, or…in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

The original indictment alleged that Gardner patronized or solicited the MV under two theories: A) knowing, and in reckless disregard of the fact that means of force, threats of force, and coercion would be used to cause her to engage in a commercial sex act; and B) having had a reasonable opportunity to observe the MV, and knowing and in reckless disregard of the fact that she had not attained the age of 18 and would be caused to engage in a commercial sex act. Doc. 23-1 at 1. However,

the Government filed a Superseding Indictment on September 6, 2024, that alleges only the second theory. Doc. 113-1 at 1.

It is undisputed that the MV has engaged in prostitution in the past. Although she told investigators that she had not done so in the months leading up to the alleged offense, Gardner asserts that she was involved in multiple acts of prostitution at the same time as the alleged incidents. He further contends that she engaged in a pattern of lying about her age to prospective patrons. Gardner alleges that she told him she was over the age of 18, contrary to her statement to police that she told him her real age.

The Government's motion in limine seeks to prohibit Gardner from referencing or discussing the MV's other sexual behavior, history, or predisposition, including references to any prostitution or related activities that allegedly occurred before or after the alleged incident. Doc. 88 at 4. The Government relies on F.R.E. 412(a), the "rape shield law," which prohibits evidence offered to prove a victim's sexual history or sexual disposition.

Gardner's motion seeks to admit two pieces of evidence. Doc. 92 at 3-6. First, he seeks to admit a text message conversation from just a few hours before the alleged incident, in which the MV arranged to have a paid sexual encounter with someone she told she was 22. *Id.* at 4-5. Second, he seeks to admit a TikTok video from April 2024, in which the MV displayed Gardner's photo and stated she was involved in the arrest of three men, including Gardner, from whom she was "getting money." *Id.* at 5-6. Gardner argues the TikTok video is relevant to the Government's theory that Gardner

3

used force against her, because her statement in the video does not mention force. *Id.* at 8. He contends the text message conversation is relevant to impeach her credibility as to her claim that she told Gardner she was 16, her denial to law enforcement that she was engaging in prostitution at the time of the incident, and her claim that Gardner was the one to initiate sexual conduct during their encounter. *Id.* at 8-10.

## II.   LEGAL STANDARD

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials).

## III.   DISCUSSION

### A. The Rape Shield Law and a Defendant's Constitutional Right to Cross-Examination

Under F.R.E. 412(a),

> The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

4

> (1) evidence offered to prove that a victim engaged in other sexual behavior; or
>
> (2) evidence offered to prove a victim's sexual predisposition.

F.R.E. 412(a). However, in a criminal case, the Court may admit "evidence whose exclusion would violate the defendant's constitutional rights." F.R.E. 412(b)(1)(C).

Courts "determining the admissibility of a victim's other sexual behavior under Rule 412(b)(1)(C)…start with the premise that defendants have a constitutional right under the Fifth and Sixth Amendments to introduce evidence in their defense." *U.S. v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010) (quotations omitted). Nonetheless, trial courts "retain wide latitude…to impose reasonable limits" on a defendant's constitutional right to present evidence unless they are "arbitrary or disproportionate to the purposes they are designed to serve." *Id.*

District courts often balance a defendant's constitutional right to present evidence against the risk of prejudice to a victim by limiting the permitted evidence of a victim's sexual history to that which is most relevant to the defense. In *Culver*, for example, the district court did not abuse its discretion when it allowed the defendant to cross examine the victim on every issue concerning her prior sexual history that was potentially relevant to the charged conduct, but precluded cross examination on one issue that "would have confused the jury and harassed [the victim]," and was only "marginally relevant at best." *Id.* at 749-50. Similarly, the district court's exclusion of sexually explicit videos and images of the minor victim's sexual history was not an abuse of discretion in *U.S. v. Curtis*, 513 F. App'x 823, 828 (11th Cir. 2013), where the

5

victim testified that she engaged in prostitution before and after her involvement with the defendant, and the defendant was allowed to cross examine her about her sexual history.

Where a defendant asserts that his right to confront the witnesses against him is violated by the preclusion of evidence of a victim's sexual history, courts consider whether a reasonable jury would receive a "significantly different impression" of the witness's credibility if counsel were able to pursue the proposed line of cross-examination. *U.S. v. Taylor*, 17 F.3d 333, 340 (11th Cir. 1994); *see Del. v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") (emphasis in original) (quotation omitted).

In *U.S. v. Allmond*, 817 F. App'x 887, 892 (11th Cir. 2020), the defendant sought to admit evidence that the minor victims had a pattern of lying about their ages to seduce adult men who worked as police officers. The defendant was permitted to elicit testimony on cross examination that the victims lied about their age to create Tinder accounts and lied to the defendant about their age, but was not allowed to cross examine them about lying about their age to other police officers. *Id.* at 893. The Eleventh Circuit found that the admission of the prohibited testimony would not have given the jury a significantly different impression of the victim's credibility. *Id.* The court also noted that evidence the victims lied about their age to engage in sexual

6

activity with other men fell under Rule 412, because it "would have had the same effect of introducing the girls' prior sexual conduct with other men." *Id.* at 893 n. 14.

The court came to a similar conclusion in *U.S. v. Chin*, 606 F. App'x 538 (11th Cir. 2015), holding that the defendant's confrontation rights were not violated by the preclusion of cross examination about the victim's prior involvement in prostitution. The defendant was able to impeach her credibility by cross examining her about inconsistencies in her testimony and lies to police about her involvement in prostitution. *Id.* at 541. Defense counsel could therefore argue that she lacked credibility, and the precluded testimony would not have given the jury a significantly different impression of her credibility. *Id.* Moreover, the prohibited evidence was not critical to the defendant's "mere presence" defense to 18 U.S.C. § 1591, because the victim's testimony had already established her familiarity with the prostitution business. *Id.*

Of course, evidence that a victim previously engaged in prostitution will be excluded under Rule 412 when it is irrelevant to the charges or the defense. For example, the Eight Circuit found that evidence that a victim engaged in prostitution before meeting the defendant had no bearing on whether he beat or threatened her to cause her to engage in commercial sex during the charged offense. *U.S. v. Roy*, 781 F.3d 416 (8th Cir. 2015). This conclusion is strengthened when the victim is a minor who cannot legally consent, rendering a force or coercion theory of prosecution unnecessary. *See U.S. v. Young*, 955 F.3d 608, 615 (7th Cir. 2020); *U.S. v. Gemma*, 818 F.3d 23, 34 (1st Cir. 2016); *U.S. v. Elbert*, 561 F.3d 771, 776-78 (8th Cir. 2009) ("Such

7

evidence also has no impeachment value here because evidence the children previously engaged in prostitution does not contradict evidence the children engaged in the acts of prostitution for which Elbert has been charged.").

### B. The Instant Motions

Gardner argues the evidence he seeks to admit is admissible under Rule 412(b)(1)(C). Doc. 91 at 4-5. Because it is directly relevant to the elements of the offense and is central to his defense, he contends, failing to admit it would deprive him of his right to a fair trial and to confront the witnesses against him. *Id.* at 4-5; Doc. 92 at 11-12. It would be impossible to effectively cross examine the MV, who denies lying about her age or soliciting Gardner for prostitution, without referencing her conduct immediately before the alleged offense in which she did exactly that. *Id.* Gardner also argues the evidence is admissible as "reverse 404(b)" evidence concerning the MV's prior bad acts, which is governed by a relaxed standard and weighs heavily in favor of admission when there is no other practical means to prove a non-propensity point about a disputed issue. *Id.* at 6-7. At the hearing, Gardner further asserted that the TikTok video is relevant to demonstrate that the MV gets men arrested when she does not get the money she wants, and it impeaches the MV's narrative that Gardner was the one to initiate sexual conduct or use force in the hotel room.

In response, the Government argues that the proposed evidence is inadmissible propensity evidence and is not relevant to a disputed issue. Doc. 97 at 7-8. Specifically, misrepresentation of age is not a defense to § 1591 where the defendant had a reasonable opportunity to observe the MV. *Id.* at 8-9, citing *U.S. v. Whyte*, 928 F.3d

8

1317, 1329-1330 (11th Cir. 2019).  The *Whyte* court recognized that § 1591 has a strict liability standard under those circumstances. *Id.*  The Government therefore argues that the MV's statements to Gardner or to an unrelated individual are irrelevant to Gardner's opportunity to "observe" her. *Id.* at 9-10.  There is no way to introduce the proposed evidence without reference to unrelated acts of prostitution, which would be unduly prejudicial to the MV and barred by Rule 412. *Id.* at 11.  With respect to the TikTok video, the Government asserts that the MV's statements are not inconsistent with what she told law enforcement, rendering it inadmissible hearsay that is highly prejudicial to the victim under Rule 412.

      At the hearing, the Government conceded that the MV could be cross examined about the fact that she previously lied about her age to other men; the Government clarified that its objection is to the admission of the entire text message conversation. Gardner agreed with the Government's proposed limitation.

      The Court finds that Gardner has a constitutional right to cross examine the MV about past occasions when she has lied about her age, including when she did so during the text message conversation.  This evidence goes toward her credibility and is relevant to Gardner's knowledge or reckless disregard of her age and his reasonable opportunity to observe her. *See Allmond*, 817 F. App'x at 893.  Gardner's motion is therefore due to be granted-in-part.  However, admission of the remainder of the text message conversation would not give the jury a significantly different impression of her credibility, *see Taylor*, 17 F.3d at 340, and it falls squarely within Rule 412's

protections. Accordingly, Gardner will not be permitted to cross examine the MV about the rest of the text message conversation.

With respect to the TikTok video, the Court agrees with the prosecution that it is highly prejudicial to the MV, it is neither critical nor relevant to Gardner's defense, particularly as Gardner is no longer charged under a theory involving the use of force, and it constitutes inadmissible hearsay. At this stage, then, Gardner's motion is denied as to the TikTok video, and the Government's motion is granted. However, Gardner may raise the issue again at trial if it becomes relevant.

Accordingly, it is **ORDERED**:

1. Gardner's Motion in Limine to Admit Reverse 404(b) and 412(b) Evidence (Doc. 92) is **granted-in-part and denied-in-part**. It is granted to the extent that Gardner may cross examine the MV about previous occasions in which she lied about her age. It is otherwise denied.

2. The Government's Motion in Limine Pursuant to Federal Rule of Evidence 412 (Doc. 88) is **granted**, without prejudice to Gardner raising the issue at trial.

3. To the extent Gardner intends to move to admit additional evidence pursuant to F.R.E. 412(b), he must do so at least 30 days before the trial, in a motion that complies with the procedural requirements of F.R.E. 412(c).

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties